866 F.Supp. 428 (1994)
Jimmie D. JENNINGS, Plaintiff,
v.
The DOE RUN COMPANY, et al., Defendants.
No. 93-CV-836.
United States District Court, E.D. Missouri, Eastern Division.
April 15, 1994.
David L. Steelman, Steelman and Gaunt, Rolla, MO, for Jimmie D. Jennings.
Michael P. Burke, Zachary A. Hummel, Bryan Cave, St. Louis, MO, for The Doe Run Co.
Michael P. Burke, Zachary A. Hummel, St. Louis, MO, for Doe Run Investment Holding Corp., Leadco Investments, Incorporated, St. Joe Minerals Corp., Fluor Corp., Fluor Daniel Inc.
*429 Eric M. Trelz, Sonnenschein and Nath, St. Louis, MO, for Homestake Lead Co. of Mo.
Samuel A. Marcosson, E.E.O.C., Office of Gen. Council, Washington, DC, for E.E.O.C., amicus.
Eric Trelz, Bearden and Breckenridge, St. Louis, MO, for Equal Employment Opportunity Commission.

ORDER
SHAW, District Judge.
This matter is before the Court on a motion conference held April 14, 1994. At the hearing, the parties announced the filing of a stipulation of dismissal of defendant Homestake Lead Company of Missouri.
Plaintiff commenced this employment discrimination action on April 5, 1993, against his former employer, the Doe Run Company ("Doe Run"), and several current and former partners in Doe Run. In April 1991, Doe Run terminated plaintiff's employment in connection with a reduction in force. Plaintiff brings his complaint in two counts, claiming he was terminated because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.
In the remaining defendants' Motion for Summary Judgment, defendants contend plaintiff's action is barred by the express terms of a "Settlement Agreement and Release" form ("Waiver") he signed in return for severance pay. Plaintiff claims his waiver was not knowing and voluntary as contemplated by 29 U.S.C. § 626(f), and thus he is entitled to proceed with this action.

Summary Judgment Standard
The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).
The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., 838 F.2d 268, 273 (8th Cir.1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
Once the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. Anderson, 477 U.S. at 249, 106 S.Ct. at 2510; Celotex, 477 U.S. at 324, 106 S.Ct. at 2553.
In passing on a motion for summary judgment, this Court is required to view the facts set forth in these documents in a light most favorable to plaintiff and the Court must give plaintiff the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). Moreover, this Court is required to resolve all conflicts in favor of Plaintiff. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.

Facts
Viewing the facts in the light most favorable to plaintiff and resolving all conflicts in *430 favor of plaintiff, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment. Plaintiff Jimmie D. Jennings was terminated from his employment with Doe Run on April 8, 1991, when he was fifty-four years old. (Plaintiff's Exh. A.) By letter dated April 8, 1991, plaintiff was informed of the termination. (Plaintiff's Exh. B.) In the termination letter, Doe Run announced a twenty-five percent reduction in its annual lead production figures and a corresponding twenty-five percent reduction in the workforce. Plaintiff was informed that his discharge was "not a reflection on performance." Id.
Plaintiff also received memoranda detailing the conditions of discharge with respect to pay, unused vacation time, insurance, retirement benefits and career counseling. (Plaintiff's Exh. C, D). Plaintiff was informed that he would be entitled to severance pay if he executed the Waiver. (Id.; Defendants' Exh. A.)
Plaintiff was not given the opportunity to negotiate the terms of the Waiver. (Plaintiff's Exh. A.) Plaintiff was given forty-five days to consider the terms of the Waiver and had seven days after signing to revoke the Waiver. Plaintiff signed the Waiver forty-two days after termination. (Defendants' Exh. A.) Plaintiff did not revoke during the seven day time period.
In relevant part, the Waiver provided:
2. The COMPANY will exercise its discretion to provide a severance payment as described in THE DOE RUN COMPANY SEVERANCE POLICY FOR TERMINATED SALARIED EMPLOYEES (hereinafter "POLICY") under the formula described in paragraph 4.4.1 of the POLICY. This severance allowance is provided in exchange for the EMPLOYEE'S promises and obligations herein.
3. EMPLOYEE agrees that he will not file or otherwise submit any charge, claim, complaint, or action to any agency, court, organization, or judicial forum against COMPANY or any of its officers, agents, employees, or anyone acting on its behalf, arising out of any actions or non-actions on the part of COMPANY. Said claims, complaint, and actions include, but are not limited to, ... any claims of violations arising under ... the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.....

(Defendant's Exh. A.)
Plaintiff was not provided with written information regarding the job classification or organizational unit and ages of other employees who were terminated on April 8, 1991, or the ages of individuals in the same job classification or organizational unit who were not eligible or selected for the program. (Plaintiff's Exh. A.)

Analysis
The ADEA provides that "an individual may not waive any right or claim under this chapter unless the waiver is knowing and voluntary." 29 U.S.C. § 626(f)(1). Subsection (1) sets forth the minimum requirements for a knowing and voluntary waiver. The requirements at issue in this litigation are as follows:
(A) the waiver is part of an agreement between the individual and the employer that is written in a manner calculated to be understood by such individual, or by the average individual eligible to participate; ...
(E) the individual is advised in writing to consult with an attorney prior to executing the agreement; ...
(H) if a waiver is requested in connection with an exit incentive program or other employment termination program offered to a group or class of employees, the employer ... informs the individual in writing in a manner calculated to be understood by the average individual eligible to participate, as to
(i) any class, unit, or group of individuals covered by such program, any eligibility factors for such program, and any time limits applicable to such program; and
(ii) the job titles and ages of all individuals eligible or selected for the program, and the ages of all individuals in the same job classification or organizational unit who are not eligible or selected for the program.
29 U.S.C. § 626(f)(1).
*431 In Burch, et al. v. Fluor Corp., et al., No. 4:93-CV-0831, ___ F.Supp. ___ (E.D.Mo. April 11, 1994), the Honorable Jean C. Hamilton held that other individuals discharged from employment by Doe Run on the same date and under the same conditions as plaintiff Jennings were in connection with an employment termination program. The Court is persuaded by Judge Hamilton's reasoning and concurs in her finding.
Because plaintiff executed the Waiver in connection with an employment termination program, the Waiver is subject to the requirements of 29 U.S.C. § 626(f)(1)(H). Because defendants did not inform plaintiff in writing of the job classification or organizational unit and ages of other employees who were terminated on April 8, 1991, or the ages of individuals in the same job classification or organizational unit who were not eligible or selected for the program, plaintiff's waiver was not knowing and voluntary for purposes of the ADEA. Therefore, defendants' Motion for Summary Judgment will be denied.
In accordance with the foregoing and the Court's rulings announced from the bench,
IT IS HEREBY ORDERED that defendant Homestake Lead Company of Missouri's Motion to Dismiss is DENIED as moot. [Doc. 11]
IT IS FURTHER ORDERED that defendants' motion for summary judgment is DENIED. [Doc. 12]
IT IS FURTHER ORDERED that the Equal Employment Opportunity Commission's motion for leave to file an amicus brief in opposition to the defendants' motion for summary judgment is DENIED as moot. [Doc. 0]